RIANA PFEFFERKORN
riana@stanford.edu
353 Jane Stanford Way
Stanford, CA 94305
Telephone: (650) 724-6814

*Pro Se* Movant

FILED

04/01/2025

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Kristine L. Seufert, Clerk

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF INDIANA

INDIANAPOLIS DIVISION

| | |
|---|---|
| **IN RE:** <br> **SEALED CASE(S)** | CASE NO.: 1:25-mc-00022-TWP-TAB <br><br> **MOTION TO UNSEAL SEARCH WARRANTS** |

Riana Pfefferkorn, moving *pro se*, is a researcher at Stanford University who studies cybersecurity as well as government surveillance and the Fourth Amendment. Movant respectfully requests that the Court unseal two recently-executed search warrants that, on information and belief, were issued by a judge in the Indianapolis division of this Court, but for which Movant cannot provide case numbers because the matters are sealed.

According to reports in the news media, on or about March 28, 2025, agents of the Federal Bureau of Investigation (FBI) and the Department of Homeland Security (DHS) conducted court-authorized searches of two residences allegedly owned by two individuals who until recently were employed by Indiana University (IU): Xiaofeng Wang, who was an IU computer science professor specializing in system security and data privacy; and his wife, current or former IU Libraries analyst Nianli Ma.[1] One of the two residences reportedly searched was on the 3000 block of Xavier Court in Bloomington, Monroe County, Indiana;[2] the other, at an undisclosed address in Carmel, Hamilton County, Indiana.[3] Those locations fall within the Indianapolis Division of this Court.[4]

There is intense public interest in this matter, as shown by press coverage ranging from the IU student newspaper to state,[5] national,[6] and even international outlets.[7] However, the press

---

[1] *See* Andrew Miller, "FBI searches two homes belonging to IU Luddy professor and library analyst," *Indiana Daily Student* (Mar. 29, 2025), https://www.idsnews.com/article/2025/03/iu-professor-bloomington-carmel-fbi-search; Andrew Miller, "BREAKING: IU terminated professor the same day the FBI searched his homes," *Indiana Daily Student* (Mar. 31, 2025), https://www.idsnews.com/article/2025/03/wang-xiaofeng-iu-luddy-fbi-search.
[2] Laura Lane, "FBI, Homeland Security agents search house on Xavier Court in Bloomington," *The Herald-Times* (Mar. 28, 2025), https://www.heraldtimesonline.com/story/news/local/2025/03/28/fbi-department-of-homeland-security-agents-search-house-in-bloomington-indiana/82710451007/.
[3] Dan Mangan, "Indiana U. fired cybersecurity professor XiaoFeng Wang on day FBI searched his homes: Union," *CNBC* (Mar. 31, 2025), https://www.cnbc.com/2025/03/31/fbi-searches-xiaofeng-wang-homes-indiana-university-cyrptography-computer.html.
[4] District Map, Southern District of Indiana, https://www.insd.uscourts.gov/nodeblock/district-map.
[5] George Hale, "FBI won't say why agents searched homes of IU cybersecurity expert," *Indiana Public Media* (Mar. 30, 2025), https://indianapublicmedia.org/news/fbi-wont-say-why-agents-searched-homes-of-iu-cybersecurity-expert.php.
[6] Dan Goodin, "Cybersecurity Professor Mysteriously Disappears as FBI Raids His Homes," *Wired* (Mar. 31, 2025), https://www.wired.com/story/cybersecurity-professor-mysteriously-disappears-as-fbi-raids-his-homes/.

and the public remain in the dark about the government's reasons for the search. The government and IU have refused to comment on the matter.[8] In the absence of any more information, the mystery swirling around government raids of a Chinese immigrant academic's homes has prompted speculation and rumor – which this Court is in a unique position to alleviate.

The public has a right to access the warrants and supporting materials in question under both the First Amendment and common law. *E.g.*, *Nixon v. Warner Commc'ns*, 435 U.S. 589 (1978) (common-law right to access court records); *United States v. Bus. of the Custer Battlefield Museum & Store*, 658 F.3d 1188, 1193 (9th Cir. 2011) (common-law right of access to warrant materials); *In re Search Warrant for Secretarial Area Outside the Office of Thomas Gunn*, 855 F.2d 569, 573 (8th Cir. 1988) (qualified constitutional right of access to search warrant applications following warrant's execution, even if investigation was still ongoing); *In re N.Y. Times Co.*, 585 F. Supp. 2d 83, 86 (D.D.C. 2008) (public has a First Amendment right of access to "search warrants, warrant applications, supporting affidavits, court orders, and returns for [the] warrants.").

The public deserves to know why the federal government raided the homes of a Chinese immigrant professor, during a time when the executive branch has begun scrutinizing and taking adverse action against multiple universities as well as even legal immigrants. Unsealing the requested materials would inform the public and the news media and help to dispel rumor and speculation arising from this unusual and newsworthy event. Movant and the public are unable to access these records without the assistance of the Court because any identifying information from which Movant could identify the relevant matters is sealed and outside of public view.

Unsealing would also serve the deep-seated American principle of open access to the

---

(Footnote Continued from Previous Page.)

[7] Holly Chik and Dannie Peng, "China Initiative 2.0? Raids on scientist Wang Xiaofeng revive spectre from first Trump era," *South China Morning Post* (Mar. 31, 2025), https://www.scmp.com/news/china/science/article/3304619/china-initiative-20-raids-scientist-wang-xiaofeng-revive-spectre-first-trump-era.

[8] *See* Hale, *supra* n.5 (quoting IU spokesman Mark Bode as saying, "At the direction of the FBI, Indiana University will not make any public comments regarding this investigation").

courts by disclosing documents for which there is no longer any reason for continued secrecy. Now that the warrants have been executed, unsealing would not jeopardize any law enforcement interests – it is too late for Wang or Ma to try to hide or destroy any evidence from their homes – nor would unsealing the warrants tip off any potential associates of Wang or Ma, whose association with the searched residences is now common knowledge thanks to press reports. Plus, redactions should be sufficient to protect any privacy or reputational interests of any persons named in the warrants or supporting materials (besides Wang and Ma of course).

## RELIEF REQUESTED

Movant seeks the unsealing of the sealed docket sheets, search warrants, warrant returns, any supporting affidavits and other supporting materials, and all other sealed docket items, for the two search warrants of the homes in Bloomington and Carmel, Indiana, as described above. At minimum, Movant requests the Court unseal at least the docket sheets of the two warrant matters so that members of the press and public can see what docket entries have been filed and move to unseal specific docket items.

To the extent there is any information contained anywhere in the filings for which there is still a need for secrecy, Movant requests that the Court protect that information through redactions rather than through continued wholesale sealing of the entire document. For example, Movant is not seeking to unseal the names or other identifying information of any targets of any investigation (besides Wang and Ma, whose identities are already disclosed) or their associates, or of any witnesses or confidential informants. Names and other identifying information can be redacted from unsealed materials.

Respectfully submitted,

Dated: April 1, 2025

*Riana Pfefferkorn*

RIANA PFEFFERKORN

*Pro Se*