UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | ) | |
|---|---|---|
| IN RE: MOTION TO UNSEAL SEARCH WARRANTS | ) ) ) ) | Cause No. 1:25-mc-22-TWP-TAB |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO**
**MOTION TO UNSEAL SEARCH WARRANTS**

A member of the public (the "Petitioner") seeks to unseal affidavits and other filings related to federal search warrants executed in connection with an ongoing investigation. (Docket No. 1 at 4.) Black-letter law, including Seventh Circuit precedent, compels that the Petitioner's motion be denied. *See, e.g.*, *In re EyeCare Physicians of Am.*, 100 F.3d 514, 517-19 (7th Cir. 1996).

**Background**

In March 2025, a federal magistrate judge in the Southern District of Indiana authorized searches of various locations in the district in connection with an ongoing federal investigation. Because the search warrants pertained to an ongoing investigation that was not public, the Court ordered that the affidavits and related filings be sealed.

All of this is, of course, standard practice in ongoing, non-public investigations, because, as the Seventh Circuit has observed, "[i]f preindictment disclosure of sealed warrant affidavits was required . . . , the hands of law enforcement would be needlessly tied and investigations of criminal activity would be made unduly difficult if not impossible." *EyeCare Physicians* at 517.

Following news media reports after the execution of these search warrants, the Petitioner, Riana Pfefferkorn, a researcher at Stanford Law School, filed the instant motion *pro se*, seeking to unseal the search warrant affidavits and other sealed filings related to the warrants. Although an attorney, the Petitioner does not claim to represent any news media outlet. Nor does she claim to

represent any person with an ownership or other interest in the property searched. (Notably, the owners of the residences are represented by other counsel and have not joined the Petitioner's motion or themselves filed such a motion.)

## Discussion

Citing news media reports, the Petitioner contends that "public interest" in the circumstances of the searches compels unsealing supporting affidavits and other sealed materials in an ongoing criminal investigation.

The law says otherwise. Consistent circuit precedent, including in the Seventh Circuit, holds that maintaining such search warrant affidavits and related materials under seal is appropriate.

In general, the law recognizes a qualified "right of access" to "'inspect and copy public records and documents, including judicial records and documents.'" *EyeCare Physicians*, 100 F.3d at 517 (quoting *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978)). However, that general right of access yields to governmental interests in confidentiality. The magistrate judge or district judge must balance the professed need for unsealing the documents against the potential adverse consequences of making them public. *Id.* at 518. As the Seventh Circuit pointed out, such potential adverse consequences include:

> the likelihood that the secrecy of grand jury proceedings would be violated[;] . . . . the identity of unnamed subjects not yet charged would be revealed; there may be mistaken notions concerning who might and might not be cooperating with the government or who may be subjects; there may be misunderstandings about the parameters of the government's investigation; the privacy of the innocent and the implicated would be threatened; and the cooperation of present and potential witnesses could be compromised or influenced.

*Id.* at 518–19.

The Government submits that most of the potential adverse consequences of unsealing that the Seventh Circuit identified in *EyeCare Physicians* are implicated here. As a court in this district recognized in denying a similar motion, search warrant affidavits are a "'roadmap' to the government's investigation," and can include "names of sources and the detailed information gleaned during the investigation." *In re Search Warrant*, Cause No. 1:16-mj-293-MJD, Docket No. 11 at *2-*4 (S.D. Ind. June 3, 2016). Here, the Court came to the same conclusion when the Government applied for the search warrants and the Court sealed the application and affidavit in the first place.

The Petitioner cites no particularized need beyond the general desire of members of the public to learn the details of ongoing government investigations. This position finds support in neither law nor logic and lacks any limiting principle. Some portion of the public will almost always be interested in the details of ongoing investigations—starting with those whose property was searched. But as *EyeCare Physicians* and *In re Search Warrant* make clear, even those claims fail when balanced against the Government's legitimate need for confidentiality.

The Seventh Circuit is far from alone in reaching this conclusion. The Fourth, Sixth, Eighth, and Ninth Circuits have all upheld maintaining search warrant affidavits and related materials under seal. The Fourth, Sixth, and Ninth Circuits have held flatly that the First Amendment does not afford a right of access to search warrant affidavits. *In re Matter of the Search of Fair Fin.*, 692 F.3d 424, 433 (6th Cir. 2012) (holding that "there is no First Amendment right of access to documents filed in search warrant proceedings"); *Times Mirror Co. v. United States*, 873 F.2d 1210, 1218 (9th Cir. 1989) (holding that there is "no First Amendment right of access to search warrant proceedings and materials when an investigation is ongoing but before indictments have been returned"); *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 64-65 (4th Cir. 1989)

(following *Times Mirror* and holding that "the press does not have a first amendment right of access to an affidavit for a search warrant"). And, while the Eighth Circuit found that the First Amendment does, in general, afford a qualified right of access to search warrant materials, it further held that the affidavits in that case should remained sealed because the government had established a compelling governmental interest—namely, an ongoing criminal investigation. *In re Search Warrant for Secretarial Area Outside the Office of Thomas Gunn*, 855 F.2d 569, 574-75 (8th Cir. 1988).

For its part, the Seventh Circuit has not recognized a separate First Amendment right of access to search warrant materials, and its precedent indicates it would not. *See United States v. Corbitt*, 879 F.2d 224 (7th Cir. 1989). In *Corbitt*, a local newspaper publisher sought access to the presentence investigation report and sentencing letters submitted in support of a public official convicted of extortion and racketeering. The Seventh Circuit concluded that there was no First Amendment right of access to presentence reports. *Id*. at 237. The Seventh Circuit's conclusion was based, in large part, on the fact that presentence investigation reports were historically not publicly disclosed. *Id*. at 229. As discussed, the same is true of search warrant affidavits. *See EyeCare Physicians*, 100 F.3d at 517-19.[1]

But the Court need not reach this constitutional question. Under any theory, the Petitioner's stated need to unseal the search warrant affidavits—public interest and media

---

[1] *See also Fair Fin.*, 692 F.3d at 430 (stating "[i]t is indisputable that proceedings for the issuance of search warrants are not, and have not been, public"); *Baltimore Sun*, 886 F.2d at 64 ("Twice the Supreme Court has recognized that proceedings for the issuance of search warrants are not open . . . ."); *Times Mirror*, 873 F.2d at 1214 ("We find no historical tradition of open search warrant proceedings and materials . . . . On the contrary, the experience of history implies a judgment that warrant proceedings and materials should not be accessible to the public, at least while a pre-indictment investigation is still ongoing . . . .").

attention—cannot overcome the Government's particularized need for confidentiality in this context. *E.g.*, *EyeCare Physicians*, 100 F.3d at 519 ("We agree with the magistrate judge and the district court that disclosure of the affidavits might very likely impair the ongoing criminal investigation."); *Fair Fin.*, 692 F.3d at 433 (stating that access to search warrant materials "would be detrimental to the search warrant application and criminal investigatory process"); *Times Mirror*, 873 F.2d at 1215 (concluding that "damage to the criminal investigatory process that could result from open warrant proceedings" indicates that "public access would hinder, rather than facilitate, the warrant process and the government's ability to conduct criminal investigations").

## Conclusion

For the foregoing reasons, the Court should deny the Petitioner's motion and maintain the search warrant materials under seal.

Respectfully submitted,

JOHN E. CHILDRESS
Acting United States Attorney

By: /s/ Kathryn E. Olivier
Kathryn E. Olivier
Matthew J. Rinka
Assistant United States Attorneys

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent to counsel of record operation of the Court's electronic filing system. In addition, notice of this filing was sent to the following party by First-class United States Mail, postage prepaid and properly addressed to:

Riana Pfefferkorn
353 Jane Stanford Way
Stanford, CA 94305

                              By:   /s/ Kathryn E. Olivier
                                        Kathryn E. Olivier
                                        Assistant United States Attorney
                                        Office of the United States Attorney
                                        10 W. Market Street, Suite 2100
                                        Indianapolis, IN 46204-3048
                                        Telephone: (317) 226-6333
                                        Fax:   (317) 226-6125
                                        Email:   Kathryn.Olivier@usdoj.gov