RIANA PFEFFERKORN
riana@stanford.edu
353 Jane Stanford Way
Stanford, CA 94305
Telephone: (650) 724-6814

*Pro Se*

> **FILED**
>
> **04/23/2025**
>
> **U.S. DISTRICT COURT**
> **SOUTHERN DISTRICT OF INDIANA**
> **Kristine L. Seufert, Clerk**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: MOTION TO UNSEAL SEARCH WARRANTS | No. 1:25-mc-22-TWP-TAB |

**MOVANT'S REPLY IN SUPPORT OF MOTION
TO UNSEAL SEARCH WARRANTS**

On April 1, 2025, *pro se* Movant Riana Pfefferkorn moved to unseal the search warrants for the Bloomington and Carmel, Indiana, homes of former Indiana University ("IU") employees, computer science professor Xiaofeng Wang and his wife, Nianli Ma. (Docket Item ["D.I."] 1.) Per Court order (D.I. 2), the government responded on April 17, 2025. (D.I. 6.)

After impugning Movant's right to make the request at all, the government fails to engage with its actual substance, whose scope Movant preemptively limited in anticipation of the government's objections. When both what is and what is not sought are stated accurately, the law supports unsealing the records – with redactions, a more narrowly-tailored option than sealing that the government ignores. Movant respectfully asks the Court to grant this request.

**DISCUSSION**

The "who," "what," "why," and "how" of the motion all favor granting it.[1]

---

[1] The government confirms that this Court is "where" to seek unsealing. (D.I. 6 at 1) ("In March

(Footnote Continued on Next Page.)

First, the "who." Movant, a scholar of government surveillance, the Fourth Amendment, and cybersecurity (D.I. 1 at 1), seeks access to search warrants issued to the government, under the Fourth Amendment, for a cybersecurity scholar's homes. Their salience to Movant is obvious. Movant wishes to review the warrant materials because the legal risks faced by cybersecurity researchers, and the federal government's fragile promise not to prosecute them for their work, are one of Movant's research interests – in fact, they are the topic of Movant's most recent law journal article.[2] If the search warrants for Wang's homes implicate that promise, then Movant, the cybersecurity research community (who might now be at risk), and the public at large deserve to know about it. Not that Movant need prove her bona fides to get through the courthouse door: "As a member of the public," she is entitled to request the warrant materials "because they are public records to which the public may seek access, even if that effort is ultimately unsuccessful (perhaps because of sealing, national security concerns, or other reasons)." *Carlson v. United States*, 837 F.3d 753, 757–58 (7th Cir. 2016). That is enough.

That Movant does not "represent any news outlet" or "the owners of the residences" (who have their own counsel) is immaterial. (D.I. 6 at 1–2.) It is beyond question that non-press movants may seek access to court records. *E.g.*, *Carlson*, 837 F.3d at 755 (journalist plus "a number of scholarly, journalistic, and historic organizations"); *Doe v. Public Citizen*, 749 F.3d 246, 252–53 (4th Cir. 2014) (consumer advocacy groups sought documents filed in litigation over consumer product safety database). And anyway, multiple news outlets, ranging from the

---

2025, a federal magistrate judge in [this Court] authorized … search warrants" for "various locations in the district"). "When" to unseal is disputed: Movant urges it be now, as the warrants were already executed; the government's (untenable) position seems to be never. (D.I. 6 at 5.) A middle ground is also possible. *See infra* note 4 (discussing warrants with limited sealing times).

[2] Riana Pfefferkorn, *Shooting the Messenger: Remediation of Disclosed Vulnerabilities as CFAA "Loss"*, 29 Rich. J.L. & Tech. 89 (2022).

IU student newspaper to the *Wall Street Journal*, have reported on the instant motion as part of their coverage of Wang and Ma's situation, evincing significant press interest in the records Movant seeks to unseal.[3] That Movant beat them to filing this motion is no reason to deny it.

The suggestion that someone seeking to unseal a search warrant must have "an ownership or other interest in the property searched" and so Wang and Ma should have filed the motion themselves (D.I. 6 at 1–2) is misplaced. The executing officer has an independent obligation to "give a copy of the warrant and a receipt for the property taken to the person … from whose premises[] the property was taken." Fed. R. Crim. P. 41(f)(1)(C). The *government's* obligations to *Wang and Ma* are distinct from *this Court's* obligations to the *public*.

Next, the "what." To resolve the motion, the Court must understand what Movant is asking it to unseal – and, just as importantly, what she is not. Curiously, the government cites the latter to rationalize not unsealing the former. In its response, the government asserts the need for confidentiality of "the identity of unnamed subjects," "who might and might not be cooperating with the government or who may be subjects," "the privacy of the innocent and the

---

[3] Marissa Meador and Andrew Miller, "Stanford Scholar Files Motion to Unseal Warrants Used to Search Homes of Xiaofeng Wang," *Indiana Daily Student* (Apr. 2, 2025), https://www.idsnews.com/article/2025/04/xiaofeng-wang-iu-warrants-stanford-motion; Mike Potter, "'Both Are Currently Safe': Lawyers Confirm Fired IU Professor and Wife Are Safe After FBI Raids," WTHR (Apr. 2, 2025), https://www.wthr.com/article/news/crime/iu-professor-allegedly-accepted-job-in-singapore-before-firing-fbi-raids-xiaofeng-wang-singapore-indiana-university-job-terminated-fired-provost/531-2da4e241-5855-4e22-97d2-10b26951106d; Ethan Sandweiss, "Stanford Scholar Files Motion to Unseal FBI Search Warrant on Former IU Professor," Ind. Pub. Media (Apr. 3, 2025), https://indianapublicmedia.org/news/stanford-scholar-files-motion-to-unseal-fbi-search-warrant-on-former-iu-professor.php; Emerson Elledge, "U.S. Attorney Argues to Keep Search Warrants for Xiaofeng Wang's Home Searches Sealed," *Indiana Daily Student* (Apr. 17, 2025), https://www.idsnews.com/article/2025/04/xiaofeng-wang-nianli-ma-warrant-fbi; Brian Rosenzweig, "Wife, Son of Cybersecurity Professor Xiaofeng Wang Make First Comments Since FBI Raid," *The Herald-Times* (Apr. 18, 2025), https://www.heraldtimesonline.com/story/news/local/2025/04/18/nianli-ma-wife-xiaofeng-wang-makes-comments-after-being-terminated-by-iu-raided-by-fbi/83126298007/; Shen Lu, "Chinese Scientists in America Come Under New Wave of Suspicion," *Wall St. J.* (Apr. 22, 2025), https://www.wsj.com/us-news/education/china-us-scientist-suspicions-dd397f03.

implicated," "present and potential witnesses," and "names of sources." (D.I. 6 at 2–3) (quoting

*In re EyeCare Physicians of Am.*, 100 F.3d 514, 518–19 (7th Cir. 1996); *In re Search Warrant*,

No. 16-mj-293, D.I. 11 at *2–4 (S.D. Ind. June 3, 2016)).[4] Fair enough. That is precisely why

Movant preemptively specified that she is *not* seeking "the names or other identifying

information of any targets of any investigation (besides Wang and Ma, whose identities are

already disclosed) or their associates, or of any witnesses or confidential informants. Names

and other identifying information can be redacted from unsealed materials." (D.I. 1 at 3.)

So much for what Movant did *not* ask for.[5] Movant *did* ask to unseal, with redactions,

"docket sheets, search warrants, warrant returns, any supporting affidavits and other supporting

materials, and all other sealed docket items" for the Bloomington and Carmel home searches,

or at bare minimum "at least the docket sheets of the two warrant matters." (D.I. 1 at 3.)

Which brings us to "why" the Court should unseal these materials. A big reason is that,

even if an investigation is ongoing as the government says (D.I. 6 at 1), it cannot deny that much

of the information under seal simply is no longer a secret. The government admits the warrants

exist (*id.*), and though it conspicuously refuses to say Wang and Ma's names, it was indeed their

homes that were searched (in broad daylight with neighbors and press present), as the Federal

Bureau of Investigation (FBI) has confirmed in a national newspaper.[6] Assuming Rule 41

compliance, Wang and Ma got copies of the warrants and receipts for property taken. In short,

---

[4] Notably, both of those warrants were sealed for limited time periods, not indefinitely. *EyeCare Physicians*, 100 F.3d at 515 (issuing judge imposed a two-year limit); *In re Search Warrant*, No. 16-mj-293, D.I. 14 (S.D. Ind. Oct. 31, 2016) (granting government's motion to unseal the cause and all documents filed therein, less than five months after denying target's unsealing request).

[5] The government also mentions "grand jury proceedings." (D.I. 6 at 2) (quotation omitted). Movant hereby clarifies that she does not seek grand jury material; for now, it can be redacted (if reflected in another record) or stay sealed (for any records that are wholly grand jury material).

[6] Lu, *supra* note 3 ("The FBI confirmed searching Wang's homes"). Ma spoke out recently about being treated "like criminals," but the two have not been arrested or charged with any crime. *Id.*

REPLY ISO MOTION TO UNSEAL SEARCH WARRANTS

the government's own actions have negated the secrecy of the warrants, searches, and seizures.

With confidentiality extinguished and no intervention by Wang or Ma (or anyone else) to object to disclosure, no countervailing interest remains to justify the continued sealing of judicial records which the government concedes the public has a right to access. (D.I. 6 at 2) (citation omitted). Consequently, the Court should unseal (at minimum) the dockets for the Bloomington and Carmel warrant matters, the warrants, warrant returns, and warrant application attachments "particularly describing the place[s] to be searched, and the … things to be seized," U.S. Const. amend. IV, plus Wang and Ma's names wherever they appear therein. *EyeCare Physicians*, which was limited to warrant affidavits, 100 F.3d at 519, does not support the continued sealing of all those materials. The government, whose response likewise focuses exclusively on affidavits, offers no reason to keep any of those specific records sealed either.

That said, the law also supports unsealing the other records too, including the affidavits. That was the recent conclusion of a Northern District of Illinois court deciding whether to "blanket" seal (perhaps forever), or unseal with redactions, a search warrant application and affidavit in a matter that had not led to criminal charges. *United States v. Suppressed*, No. 22-mc-1000, 2024 U.S. Dist. LEXIS 115461 (N.D. Ill. July 1, 2024). After discussing the common and constitutional law on unsealing (including *EyeCare Physicians*) and weighing the competing interests at issue, the court concluded that both the First Amendment and common law required unsealing, with meticulous redactions. 2024 U.S. Dist. LEXIS 115461 at *10–27.

First, despite its concerns about redaction's sufficiency, the court held that "the common law right of access applies to the Application Materials as judicial records and that they may be disclosed at least in part, but only upon a careful balancing" of "the privacy and safety interests of the uncharged person, cooperating witness, and … victims or subjects." *Id.* at *22.

Under the First Amendment, accounting for "the compelling nature of the interest[s]" of "innocent persons, uncharged persons, witnesses, cooperators and … victims and subjects" (a list nearly identical to Movant's list quoted above of what to redact), the court "opt[ed] for court-ordered redaction and the public filing of the redacted Application Materials after the Court's careful review of the redactions with all of the competing interests in mind." *Id.* at *27.

This Court should follow suit. If anything, the case for unsealing with redactions is even stronger here: unlike the uncharged target in that matter, *id.* at *13–14, the names of Wang and Ma (both as yet uncharged) are already irreversibly public. The common law and the First Amendment are "why" to unseal the warrant matters; redaction is "how" to do so safely. The government never argues that redaction is insufficient or unworkable. The question for the Court is not whether to entirely seal or entirely unseal the warrant matters, but rather, what to redact from which records. That "will be a challenge for courts generally, but insofar as … routinely sealing until further order of court the entirety of warrant materials is inappropriate under the common law and First Amendment rights of public access, judges must embrace the challenge of complexity presented in circumstances like these." *Id.* at *28 (footnote omitted).

## CONCLUSION

Movant's and the public's rights to access court records require unsealing the search warrant matters subject to careful redactions, with continued (temporary) sealing only of specific records where redaction cannot suffice. Movant stands ready to collaborate as needed. For the reasons stated above and in the original motion, the Court should grant the motion.

Respectfully submitted,

Dated: April 23, 2025

/s/ Riana Pfefferkorn
RIANA PFEFFERKORN
*Pro Se*

REPLY ISO MOTION TO UNSEAL SEARCH WARRANTS

**CERTIFICATE OF SERVICE**

I hereby certify that on April 23, 2025, a copy of the foregoing was filed through the Court's Electronic Document Submission website (also known as "the Web Portal"), located at https://tools.insd.uscourts.gov/filings_form/. Following receipt by the Clerk's Office of the Web Portal submission, the docketing by Clerk's Office staff of the foregoing document into CM/ECF shall cause notice of this filing to be transmitted to counsel of record by operation of the Court's CM/ECF system. In addition, notice of this filing was sent to the United States Attorney's Office for the Southern District of Indiana by First-Class United States Mail, postage prepaid and properly addressed to:

Kathryn E. Olivier
Assistant United States Attorney
Office of the United States Attorney
10 W. Market Street, Suite 2100
Indianapolis, IN 46204

/s/ Riana Pfefferkorn
RIANA PFEFFERKORN

353 Jane Stanford Way
Stanford, CA 94305
Telephone: (650) 724-6814
Email: riana@stanford.edu

*Pro Se* Movant