UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| MOTION TO UNSEAL SEARCH WARRANTS | ) | No. 1:25-mc-00022-TWP-TAB |
| | ) | |

**ORDER TO SHOW CAUSE**

This matter is before the Court on a motion to unseal search warrants, and supporting materials, obtained by the United States Government to conduct searches of two residences allegedly owned by two former employees of Indiana University. The motion is brought by Riana Pfefferkorn, a Stanford University researcher in the areas of cybersecurity, government surveillance, and the Fourth Amendment. Dkt. 1 at 2. Execution of the warrants has been covered by local, national, and international news media outlets. *Id*.

The Movant argues that unsealing redacted versions of the warrants after their execution is in the public interest and would not jeopardize "any law enforcement interests." *Id*. at 3-4. She specifically notes that she "is not seeking to unseal the names or other identifying information of any targets of any investigation . . . or their associates, or of any witnesses or confidential informants. Names and other identifying information can be redacted from unsealed materials." *Id*. at 4.

The United States Supreme Court has recognized "a general right to inspect and copy public records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). This common law right of public access to judicial documents has been extended to search warrant materials, and whether and for how long to seal them lies within the sound discretion of trial courts. *In the Matter of EyeCare Physicians of Am.*, 100 F.3d 514, 517-18 (7th Cir. 1996), citing *Nixon v. Warner Commc'ns*, 435 U.S. 589, 599 (1978).

When determining whether a record should be unsealed, the Seventh Circuit directs courts to consider several consequences of unsealing, including "the likelihood that the secrecy of grand jury proceedings would be violated"; the risk that the identities of unnamed subjects not yet charged would be revealed; the concern for "mistaken notions concerning who might and might not be cooperating with the government or who may be subjects"; the potential for "misunderstandings about the parameters of the government's investigation"; threats to the privacy interests of both "the innocent and the implicated"; and the concern that the cooperation of present or potential witnesses could be affected. *EyeCare Physicians*, 100 F.3d at 518.

In response to the pending motion, the Government generically argues that "most of the potential adverse consequences of unsealing that the Seventh Circuit identified in *Eyecare Physicians* are implicated here." Dkt. 6 at 3. This conclusory argument is insufficient. The Government has not provided any information from which the Court can adequately conduct the analysis required by *EyeCare Physicians* to rule on the pending motion.[1] The Government does not assert that unsealing the search warrants would violate the secrecy of grand jury proceedings or risk identifying unnamed and uncharged subjects or potential cooperators or witnesses, let alone identify how unsealing would do so, particularly in light of Movant's limited request for redacted versions of the warrants.[2]

Thus, the Court orders the Government to show cause why the motion should not be

---

[1] The Court notes that the search warrants at issue were sealed pursuant to Local Criminal Rule 49.1-2(f) which allows for such filing when counsel "has a good faith belief that sealing is required to ensure the safety of a person or entity or to otherwise protect a substantial public interest." Thus, there is no previous particularized analysis for the Government to fall back on.

[2] The motion indicated that names could be redacted. The reply further clarifies that the Movant "does not seek grand jury material; for now, it can be redacted (if reflected in another record) or stay sealed (for any records that are wholly grand jury material)." Dkt. 7 at 4, fn 5.

granted by supplementing its response within **14 days** of this Order. The supplemental filing shall address the considerations set forth in *EyeCare Physicians,* how they specifically apply to the search warrants at issue here, and why redaction would be an insufficient means of balancing the interests of the public with those of the Government in this particular case. In addition, the Government shall file proposed redacted versions of the search warrants and their supporting materials, including any affidavits. These filings may be made *ex parte* for *in camera* review by the Court.

**IT IS SO ORDERED.**

Date: 5/13/2025

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

RIANA PFEFFERKORN
353 Jane Stanford Way
Stanford, CA 94305

Kathryn E. Olivier
DOJ-USAO
kathryn.olivier@usdoj.gov

Matthew Rinka
United States Attorney's Office
matthew.rinka@usdoj.gov