UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: MOTION TO UNSEAL SEARCH WARRANTS ) ) ) ) ) | Cause No. 1:25-mc-22-TWP-TAB |

### GOVERNMENT'S RESPONSE TO ORDER TO SHOW CAUSE

In accordance with the Court's May 13, 2025 Order (Docket No. 8), the Government has filed, *ex parte* and under seal for *in camera* review, proposed redactions to the search warrant materials that the Petitioner is seeking to unseal. As these documents illustrate, redaction is not practical in this case. Accordingly, as set forth below and in the Government's April 17, 2025 Response in Opposition to Motion to Unseal Search Warrants (Docket No. 6), and consistent with *In re Eyecare Physicians of America*, 100 F.3d 514 (7th Cir. 1996), the Court should decline to release any version of the search warrant materials while this investigation remains ongoing.

### Background

In March 2025, a federal magistrate judge in the Southern District of Indiana authorized searches of various locations in the district in connection with an ongoing federal investigation. Because the search warrants pertained to an ongoing investigation that was not public, the Court ordered that the affidavits and related filings be sealed in accordance with Local Criminal Rule 49.1-2(f)(2).

Following news media reports after the execution of these search warrants, the Petitioner filed a motion seeking either to unseal the search warrants in their entirety or the release of redacted versions of the materials. As set forth in greater detail below, redaction is not a practical solution in this case and, as a result, the search warrant materials should remain sealed.

## Seventh Circuit Precedent – *EyeCare Physicians*

In *EyeCare Physicians*, the Seventh Circuit declined to unseal a search warrant affidavit in an ongoing criminal investigation. The Seventh Circuit reasoned that unsealing the affidavit could impair the government's investigation because it would "provide EyeCare with a road map to the government's investigation." 100 F.3d at 516.

Specifically, in declining to unseal the affidavit, the Seventh Circuit noted concerns about the secrecy of grand jury proceedings, the privacy interests of unnamed and uncharged subjects, the potential for confusion and mistake, and the risk to the ongoing investigation. The Seventh Circuit also determined that redaction was not a viable alternative because "'redaction would entail such a large portion of the affidavit that it is not a practical alternative'" and "'partial disclosure or redaction might mislead the reader to mistakenly conclude that certain persons and entities are either subjects of the investigation or are cooperating with the government.'" *Id*. (citations omitted); *accord In re Search Warrant dated Nov. 5, 2021 ("Nov. 5, 2021 Search Warrant")*, 21 Misc. 813 (AT), 2024 WL 1636239, at *4 (S.D.N.Y. Apr. 16, 2024) (accepting magistrate judge's conclusion that redaction of search warrant materials was impossible because release of redacted materials posed too great a risk to the ongoing investigation and to third-party privacy interests); *In re Associated Press*, Civil Action No. 5:22-mc-111, 2023 WL 5671289, at *7 (S.D. Tex. Sept. 1, 2023) (concluding that there was "no reasonable alternative to sealing" because virtually every sentence contained sensitive information and could not be redacted while preserving anything meaningful to be released).

The concerns identified in *EyeCare Physicians*, and by other district courts that have considered this issue, are all present in the instant case and cut against either unsealing or releasing a redacted copy of the search warrant materials.

Analysis

**1.      The Search Warrant Materials Should Remain Sealed to Protect the Integrity of the Ongoing Investigation.**

The Government has a compelling interest in protecting the integrity of this ongoing criminal investigation.  *See, e.g.*, *Nov. 5, 2021 Search Warrant*, 2024 WL 1636239 at *4; *Associated Press*, 2023 WL 5671289 at *6.  As such, the search warrant materials should remain sealed.

Numerous circuit courts have recognized that the existence of an ongoing federal criminal investigation that has not resulted in any federal indictment strongly tips the balance in favor of non-disclosure of search warrant materials.  *See, e.g.*, *In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 571, 574-75 (8th Cir. 1988); *Times Mirror Co. v. United States*, 873 F.2d 1210, 1215 (9th Cir. 1989); *United States v. Cianci*, 175 F. Supp. 2d 194, 202 (D.R.I. 2001); *In re Macon Telegraph Pub. Co.*, 900 F. Supp. 489, 492 (M.D. Ga. 1995).  These courts (and others that have faced the same issue) have all recognized that premature release of information regarding an ongoing investigation could result in the destruction of evidence, could discourage witnesses from providing evidence or testimony, and could cause subjects of the investigation to take steps to hinder or obstruct the investigation.  *See, e.g.*, *Nov. 5, 2021 Search Warrant*, 2024 WL 1636239 at *4; *Associated Press*, 2023 WL 5671289 at *4.

The Government's need to protect the integrity of its investigation also factored heavily in the district court's analysis and conclusion in *EyeCare Physicians*.  *See In re EyeCare Physicians of America*, 910 F. Supp. 414 (N.D. Ill. 1996).  The district court emphasized that the "privacy of implicated persons who have not been charged" as well as "other witnesses . . . would be impaired by disclosure."  *Id*. at 421.  In addition, "the identity of unnamed subjects would become clear . . . which disclosure could jeopardize the investigation," the "disclosure of numerous potential

3

witnesses could result in their unwillingness to cooperate with the government," and "the scope of the investigation would be revealed so as to give . . . premature guidance concerning potential charges." *Id*.

Similarly, in *Gunn*, the Eighth Circuit noted that the search warrant "documents describe in considerable detail the nature, scope and direction of the government's investigation and the individuals and specific projects involved" and therefore should not be disseminated while the investigation was in a pre-indictment posture. 855 F.2d at 574.

So too here. As the Court can see from the *in camera* submission, the search warrants in this case relate to an ongoing federal criminal investigation in which no public charges have been filed. And, of course, if or when evidence is presented to the grand jury for consideration, the unsealing of the affidavits will have publicly disclosed material presented to the grand jury. *EyeCare Physicians*, 100 F.3d at 518 (discussing the importance and "centuries-old requirement" of grand jury secrecy).

The search warrant affidavits spell out in extensive detail the investigative steps taken to date. Releasing such information publicly would disclose the potential charges under investigation, the targets of the investigation, the witnesses that have been or potentially will be interviewed, the locations and property searched and to be searched in the future, and the investigative techniques that federal law enforcement has used or potentially will use in the future to gather additional evidence in this investigation. Revealing such information seriously jeopardizes the investigation because it will give individuals an opportunity to delete, destroy, or alter evidence; influence potential witnesses; or flee the jurisdiction. In addition, knowledge of the theory of the Government's case will give premature notice to potential witnesses and may prevent the Government from obtaining accurate recollections from witnesses who have had an

opportunity to "square up" their stories before they are interviewed. Accordingly, the search warrant materials should remain sealed.

2. **The Search Warrant Materials Should Remain Sealed to Encourage Witness Cooperation.**

Relatedly, prematurely unsealing the search warrant materials would chill future witness cooperation.

As previously noted, this case is still in the investigative stage, and the Government will likely conduct witness interviews before charges are presented to the grand jury. If the investigation is not kept confidential, then witnesses will be less willing to come forward to speak to the Government out of fear of embarrassment, reputational damage, or reprisal. This is especially true because some of the potential witnesses collaborated with the target(s) of this investigation over many years. Witnesses who believe that their names may become public may be unwilling to speak candidly to investigators—or may be unwilling to share information at all— which would frustrate the Government's investigation. *See EyeCare Physicians*, 100 F.3d at 519 ("Additional consequences in disclosing the sealed affidavits include: . . . the cooperation of present and potential witnesses could be compromised or influenced.") As a result, the search warrant materials should remain sealed.

3. **The Search Warrant Materials Should Remain Sealed to Protect the Reputational and Privacy Interests of Uncharged Individuals.**

Beyond concerns about witness privacy and reputational damage, unsealing the search warrant affidavits also affects the privacy interests of uncharged individuals and entities that are mentioned in the affidavits—which, in this case, is *all* of the individuals and entities mentioned in the affidavits, as no public charges yet exist. In *Employees of McDonnell Douglas Corp. v. The Pulitzer Publishing Co.*, 895 F.2d 460 (8th Cir. 1990), the unindicted subjects of a search warrant

objected to the district court releasing a redacted version of the search warrant affidavit that included descriptions of their conversations. In declining to unseal, the Eighth Circuit emphasized the procedural posture of the investigation, the detailed nature of the affidavit, and the fact that the affidavit implicated "some individuals directly in criminal misconduct, others only indirectly." *Id*. at 467. The court noted that even for individuals who were not criminally charged, disclosure could seriously damage their reputations and their careers. *Id*.

Similarly, in this case, no criminal charges have been filed and release of the search warrant affidavits would affect the privacy interests of individuals and entities who are both directly and indirectly implicated in criminal misconduct. Many of the parties identified in the affidavit may never be criminally charged – and none of these individuals or entities have been consulted to ascertain their position regarding release of redacted materials.[1] As the Seventh Circuit recognized in *EyeCare Physicians*, these circumstances, too, justify keeping the search warrant materials under seal. *See EyeCare Physicians*, 100 F.3d at 519 ("Additional consequences in disclosing the sealed affidavits include: . . . the privacy of the innocent and the implicated would be threatened.")

4. **The Search Warrant Materials Should Remain Sealed to Prevent Misunderstanding Regarding the Government's Investigation.**

Relatedly, unsealing the search warrant affidavits could result in misunderstandings regarding the nature of the Government's investigation. As the Court can see, the search warrant affidavits contain detailed factual allegations about a myriad of topics. While these facts are necessary to establish probable cause—and to lay out the Government's theory of its investigation —releasing this information publicly could result in confusion and misunderstanding regarding

---

[1] Petitioner does not represent the owner of the premises searched.

the crimes that are under investigation as well as the targets of that investigation. *See EyeCare Physicians*, 100 F.3d at 519 ("Additional consequences in disclosing the sealed affidavits include: . . . there may be mistaken notions concerning who might and might not be cooperating with the government or who may be subjects; there may be misunderstandings about the parameters of the government's investigation[.]").

5. **Line-by-Line Redaction of the Search Warrant Materials is Neither Practical nor Realistic.**

In this case, line-by-line redaction of the search warrant materials would be practically impossible because the materials (in particular, the search warrant affidavits) contain a detailed summary of a complex and interrelated investigation. As a result, the redactions would be so significant that it is simply not practical. *See EyeCare Physicians*, 910 F. Supp. at 421; *see also Gunn*, 855 F.2d at 574-75; *Search Warrant dated Nov. 5, 2021*, 2024 WL 1636239 at *4; *Associated Press*, 2023 WL 5671289 at *7. Moreover, the amount of redaction that would be necessary to protect the investigation would render the materials both unintelligible and misleading. Accordingly, the Court should also decline to release redacted versions of the search warrant materials.

## Conclusion

For the foregoing reasons, the Court should deny the Petitioner's Motion in its entirety and should not release either redacted or unredacted versions of the search warrant materials at this time.

                                              Respectfully submitted,

                                              JOHN E. CHILDRESS
                                              Acting United States Attorney

By:    /s/ Kathryn E. Olivier
         Kathryn E. Olivier
         Matthew J. Rinka
         Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent to counsel of record operation of the Court's electronic filing system.  In addition, notice of this filing was sent to the following party by First-class United States Mail, postage prepaid and properly addressed to:

Riana Pfefferkorn
353 Jane Stanford Way
Stanford, CA 94305

By:   /s/ Kathryn E. Olivier
     Kathryn E. Olivier
     Assistant United States Attorney
     Office of the United States Attorney
     10 W. Market Street, Suite 2100
     Indianapolis, IN 46204-3048
     Telephone: (317) 226-6333
     Fax:   (317) 226-6125
     Email:   Kathryn.Olivier@usdoj.gov