UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

|  |  |
|---|---|
| IN RE: MOTION TO UNSEAL SEARCH WARRANTS ) ) ) ) _____ ) | Cause No. 1:25-mc-22-TWP-TAB |

### DR. XIAOFENG WANG'S AND NIANLI MA'S MOTION FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE*

Now comes Dr. XiaoFeng Wang and Nianli Ma who, through undersigned counsel, respectfully move for leave to file the attached *amicus curiae* brief to provide this Court with additional information, insight, and prospective on the petitioner's motion to unseal the search warrants. Dr. Wang and Ms. Ma, the owners of the premises searched, move to submit this friend of the court brief to ensure this Court is aware of their position regarding release of the search warrant materials, which they support. Undersigned counsel contacted both the petitioner and the government to determine whether they oppose this requested relief. The petitioner does not oppose this motion and the government takes no position.

On May 13, 2025, the Court issued an Order to Show Cause why the petitioner's request to unseal search warrants and supporting materials should not be granted and order the government to file a supplemental response. (May 13, 2025 Order to Show Cause, DN 8.) The government filed its supplemental response to the Show Cause Order on May 27, 2025. (Govt.'s Resp. to Order to Show Cause DN 9.) In its supplemental response, the government argues against unsealing the search warrant materials, in part, by stating that none of the individuals identified in the search warrant materials "have been consulted to ascertain their position regarding release of redacted materials." (*Id.* at 6.) The government also noted that the petitioner does not represent the owners

of the premises that were searched. By moving for leave to appear as *amicus curiae*, Dr. Wang and Ms. Ma seek to provide their unique perspective on the motion and provide answers to questions the government raised but left unresolved.

## ARGUMENT

The Federal Rules of Civil Procedure do not directly address the submission of *amicus curiae* briefs in the district court. *Monarch Bev. Co. v. Johnson*, 2014 U.S. Dist. LEXIS 171884 at *2-3 (S.D. Ind. Dec. 11, 2014). Thus, federal courts in the Southern District of Indiana look to the standards for implementing Rule 29 of the Federal Rules of Appellate Procedure. *Id.*

Within the Seventh Circuit, "a court should only grant permission to file an *amicus curiae* brief when '(1) a party is not adequately represented (usually, is not represented at all); or (2) when the would-be amicus has a direct interest in another case, and the case in which he seeks permission to file an amicus curiae brief may, by operation of stare decisis or res judicata, materially affect that interest; or (3) when the amicus has a unique perspective, or information, that can assist the court of appeals beyond what the parties are able to do.'" *Id.* at *3 (*quoting U.S. Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 617 (7th Cir. 2000)). Courts generally accept *amicus* briefs where, as here, they "assist judges by presenting ideas, arguments, theories, insights, facts or data that are not to be found in the parties' briefs." *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2000)). Pursuant to Federal Rule of Appellate Procedure 29(a)(3), Dr. Wang and Ms. Ma have attached their proposed *amicus curiae* brief, for which they are seeking leave to file.

Dr. Wang's and Ms. Ma's admission as *amicus curiae* to this matter fills the void of information missing in the briefings before this Court. Dr. Wang and Ms. Ma, whose interests are wholly unrepresented in this matter, have a unique perspective and information that can assist this

2

Court beyond what the petitioner and the government are able to do. And importantly, the government has cited their lack of consultation as a basis for denying the petitioner's motion and leaving all of the search warrant materials fully sealed.

For example, in opposition to unsealing the search warrants, the government relies heavily on the need to protect "the privacy of the implicated persons who have not been charged" and "their reputation and careers." (Govt's Resp. DN 9 at 5–6.) Yet, the perspective of the "implicated persons who have not been charged," Dr. Wang and Ms. Ma, is notably absent before this Court. In direct contrast to the government, Dr. Wang and Ms. Ma do not oppose the unsealing of the search warrant materials and disagree that their continued sealing protects their privacy and reputational interests. For example, national media reporting has already identified Dr. Wang and Ms. Ma as the owners of the homes and individuals involved. In addition, any reputational harm the government posits to the Court has already happened. Dr. Wang's and Ms. Ma's *amicus curiae* brief provides this unique perspective.

The government also argues that unsealing the search warrant materials would cause misunderstanding regarding the government's investigation. In direct contrast to the government, Dr. Wang and Ms. Ma assert that the continued sealing of all search warrant materials has created an information vacuum that has left the public to speculate wildly regarding Dr. Wang and Ms. Ma and has instilled fear and concern in the Chinese and Chinese-American community. Once more, this perspective is also notably absent from the briefing before this Court.

The government's implication of ambiguity regarding Dr. Wang's and Ms. Ma's position on unsealing the search warrant materials begs the necessity of their perspective as *amicus curiae* before this Court. As shown in their brief attached to this motion, Dr. Wang and Ms. Ma have

information and a perspective not represented in the parties' briefing that could assist the Court in its determination. The parameters for an *amicus curiae* brief are thus satisfied.

## CONCLUSION

The ambiguity of Dr. Wang's and Ms. Ma's perspective on the petitioner's motion to unseal was raised but repeatedly left unresolved in the government's briefing. Dr. Wang's and Ms. Ma's *amicus curiae* brief stops this metaphorical dance around the issue and provides the Court with answers that the current briefing on petitioner's motion leaves unanswered. As the docket stands, the interests of Dr. Wang and Ms. Ma are inadequately represented and they have a unique perspective and information to provide to this Court—namely, that they do not oppose the petitioner's motion to unseal. For these reasons, Dr. Wang and Ms. Ma respectfully request that the Court exercise its broad discretion and grant leave to file the attached *amicus curiae* brief.

Respectfully submitted,

/s/ *Jason M. Covert*
Jason M. Covert, Attorney No. 29268-53
Jackie M. Bennett, Attorney No. 4112-49
TAFT STETTINIUS & HOLLISTER, LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204
P: (317) 713-3500
F: (317) 713-3699
E: jcovert@taftlaw.com
E: jbennett@taftlaw.com

*Attorneys for Amicus Curiae Dr. XiaoFeng Wang and Nianli Ma*

Dated: June 2, 2025

173221867v1

## CERTIFICATE OF SERVICE

      I hereby certify that of a copy of Prospective Amicus Curiae Dr. XiaoFeng Wang's and Nianli Ma's Motion for Leave to File as Amicus Curiae has been filed electronically on June 2, 2025, with the following parties receiving notice via ECF:

Riana Pfefferkorn
353 Jane Stanford Way
Stanford, CA 94305

Kathryn E. Olivier
Matthew Rinka
Assistant United States Attorneys
Office of the United States Attorney
10 W. Market Street, Suite 2100
Indianapolis, IN 46204-3048

                                                                              */s/ Jason M. Covert*