UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

|  |  |  |
|---|---|---|
| IN RE: MOTION TO UNSEAL SEARCH WARRANTS | )<br>)<br>)<br>)<br>) | Cause No. 1:25-mc-22-TWP-TAB |

_____

### AMICUS CURIAE DR. XIAOFENG WANG'S AND NIANLI MA'S BRIEF IN SUPPORT OF MOTION TO UNSEAL SEARCH WARRANT MATERIALS

Now comes *amicus curiae* Dr. XiaoFeng Wang and Nianli Ma through undersigned counsel and respectfully submit this *amicus* brief in support of petitioner's motion to unseal and provide the Court with information and perspective from Dr. Wang and Ms. Ma regarding the relief sought by petitioner in this matter.

On May 13, 2025, the Court issued an Order to Show Cause why the petitioner's request to unseal search warrants and supporting materials should not be granted and ordered the government to file a supplemental response. (May 13, 2025 Order to Show Cause, DN 8.) The government filed its supplemental response to the Show Cause Order on May 27, 2025. (Govt.'s Resp. to Order to Show Cause, DN 9.)  In its supplemental response, the government argues against unsealing the search warrant materials, in part, by stating that none of the individuals identified in the search warrant materials "have been consulted to ascertain their position regarding release of redacted materials." (*Id.* at 6.) The government then notes that the petitioner in this matter "does not represent the owner of the premises searched." (*Id.*) Dr. Wang and Ms. Ma, who are the owners of the premises searched, hereby submit this friend of the court brief to ensure the court is aware of their position regarding release of the search warrant materials, which they support.

Dr. Wang and Ms. Ma were each formerly long-time employees of Indiana University. Dr. Wang is one of the foremost researchers and scholars in the field of cybersecurity. He is a prominent systems security and privacy researcher and a top author according to online statistics such as CSRankings, System Security Circus (Eurecom), and the Systems Circus (EPFL). Dr. Wang is known for his high-impact research on security analysis of real-world systems and biomedical data privacy. Ms. Ma was previously a lead systems analyst/programmer at the Indiana University Herman B. Wells Library. Ms. Ma's work as an analyst did not overlap at all with Dr. Wang's research or his job as a tenured professor.

On February 12, 2025, Dr. Wang was informed by the Indiana University Research Integrity Officer that she was initiating a review and investigation of potential research misconduct related to the alleged failure to disclose a $26,600 grant from 2018 issued by the Chinese Academy of Sciences that included his name as a principal investigator and for his alleged failure to include all co-authors and collaborators in two grant applications to the U.S. National Science Foundation. Dr. Wang was cooperating with that investigation when on March 7, 2025, he was unexpectedly placed on immediate leave, his access to his files, systems, and office were suspended, and his name and research were removed from the university's website. This was the same date that the Trump administration announced it was cancelling $400 million in federal grants and awards for Columbia University.[1]

On Monday, March 24, 2025, at 8:49 am, Ms. Ma received an email terminating her employment effective immediately, without cause or explanation.

---

[1] DOJ, HHS, ED, and GSA Announce Initial Cancellation of Grants and Contracts to Columbia University Worth $400 Million, Joint Task Force to Comb Anti-Semitism Press Release, March 7, 2025, *available at* https://www.hhs.gov/press-room/task-force-cancels-columbia-university-grants.html.

173221989v1

On March 28, 2025, federal agents from the FBI and DHS executed simultaneous premises search warrants at Dr. Wang's and Ms. Ma's homes in Bloomington and Carmel, Indiana. As the warrants were being executed, Dr. Wang was also terminated without cause by email. The execution of these warrants by swarms of armed federal agents in front of neighbors and at least one media reporter immediately garnered national attention.[2] The national reporting included disclosure that the premises searched belonged to Dr. Wang and Ms. Ma.[3] In response to the national reporting, Dr. Wang and Ms. Ma's former employer was asked for a comment and responded that "Indiana University was recently made aware of a federal investigation of an Indiana University faculty member[,]" and that "[a]t the direction of the FBI, Indiana University will not make any public comments regarding this investigation."[4]

There have been significant consequences for Dr. Wang and Ms. Ma in the wake of the government's actions in this matter. Their privacy and reputations have been irreparably damaged and tainted by the government's raids and subsequent direction to their former employer not to

---

[2] A.J. Vicens, *Cybersecurity professor targeted by FBI has not been detained, lawyer says*, Reuters, Apr. 2, 2025, *available at* https://www.reuters.com/world/us/indiana-university-cybersecurity-professor-has-not-been-arrested-or-detained-2025-04-02/; Dan Goodin, *FBI raids home of prominent computer scientist who has gone incommunicado*, ars technical, Mar. 30, 2025, *available at* https://arstechnica.com/security/2025/03/computer-scientist-goes-silent-after-fbi-raid-and-purging-from-university-website/.

[3] Dan Mangan, *Indiana U. fired cybersecurity professor XiaoFeng Wang on day FBI searched his homes: Union*, CNBC, Mar. 31, 2025, *available at* https://www.cnbc.com/2025/03/31/fbi-searches-xiaofeng-wang-homes-indiana-university-cyrptography-computer.html; Dan Goodin, *Cybersecurity Professor Mysteriously Disappears as FBI Raids His Homes*, Wired, Mar. 31, 2025, *available at* https://www.wired.com/story/cybersecurity-professor-mysteriously-disappears-as-fbi-raids-his-homes/; Brian Rosenzweig, *IU Professor XiaoFeng Wang investigated for academic misconduct before FBI search*, The Herald-Times, Apr. 3, 2025, *available at* https://www.heraldtimesonline.com/story/news/education/campus/2025/04/03/iu-cybersecurity-professor-under-academic-misconduct-investigation-before-fbi-search/82782334007/.

[4] Dan Mangan, *Indiana U. fired cybersecurity professor XiaoFeng Wang on day FBI searched his homes: Union*, CNBC, Mar. 31, 2025, *available at*, https://www.cnbc.com/2025/03/31/fbi-searches-xiaofeng-wang-homes-indiana-university-cyrptography-computer.html.

discuss the government's investigation. The complete and total information vacuum that currently exists has left the public to speculate wildly regarding Dr. Wang and Ms. Ma and has instilled fear and concern in the Chinese and Chinese-American community regarding a potential revival of the China Initiative.[5]

In the absence of information, petitioner filed her Motion to Unseal Search Warrants, arguing that "[t]he public deserves to know why the federal government raided the homes of a Chinese immigrant professor, during a time when the executive branch has begun scrutinizing and taking adverse action against multiple universities as well as even legal immigrants." (Mot. to Unseal, DN 1 at 2.) After briefing was complete, the Court issued its Order to Show Cause, prompting the government to file its supplemental response. In its supplemental response, the government invoked several bases it believes justify the continued total sealing of not only the search warrant affidavits, but all search warrant related materials. Dr. Wang and Ms. Ma write this *amicus* brief to address two of those arguments: the claim that full sealing would protect the privacy and reputational interest of uncharged individuals and that it would prevent misunderstanding of the government's investigation.

The government argues that the search warrant material should remain sealed to protect the reputational and privacy interest of uncharged individuals.[6] In its supplemental response, the government represents that "no criminal charges have been filed" in this case and that "[m]any of

---

[5] Shen Lu, *Chinese Scientists in America Come Under New Wave of Suspicion*, The Wall Street Journal, Apr. 22, 2025, *available at* https://www.wsj.com/us-news/education/china-us-scientist-suspicions-dd397f03?mod=education_more_article_pos56

[6] While the government titles the headings of its arguments to claim that the "search warrant materials" should remain sealed, the cases and arguments the government discusses focus almost exclusively on the search warrant affidavit. The government's supplemental response is almost totally silent as to why the other search warrant materials, including the dockets, warrant applications, and warrants themselves, should remain sealed.

4

the parties identified in the affidavit may never been criminally charged – and none of these individuals or entities have been consulted to ascertain their position regarding release of redacted materials." (Govt's Resp. at 6.) The government then notes that the petitioner in this matter "does not represent the owner of the premises searched," implying that privacy and reputational interests of the owners of the homes weigh against unsealing. (*Id.*)

To the extent the government implies some ambiguity regarding Dr. Wang's and Ms. Ma's position on unsealing the search warrant materials, Dr. Wang and Ms. Ma are informing the court that they support petitioner's motion to unseal the search warrant materials and would welcome public transparency as to what has transpired. That the government would invoke hypothetical harm to their privacy and reputations as a basis to keep all search warrant materials under seal is surprising to say the least. There have already been significant and irreversible consequences for Dr. Wang and Ms. Ma in the wake of the government's actions in this matter.

National media reporting has already identified Dr. Wang and Ms. Ma as the owners of the homes and their former employer has all but acknowledged that Dr. Wang is under federal investigation. Whatever hypothetical harm the government posits might befall Dr. Wang and Ms. Ma as uncharged individuals has already happened, even if the government has not itself identified them by name publicly. The damage to Dr. Wang's and Ms. Ma's privacy and reputation is done and they strongly disagree with the government that it is necessary to keep the search warrants, applications, and dockets sealed for their protection.

The government also claims that unsealing the search warrant materials could result in misunderstandings regarding the nature of the government's investigation. (Govt's Resp. at 6.) The government claims that releasing information contained in the affidavit "could result in confusion and misunderstanding regarding the crimes that are under investigation as well as the

targets of that investigation." (*Id.* at 6–7.) The government again focuses solely on the unsealing of the affidavit as the basis for potential confusion about what the government is investigating. However, the search warrant application and warrant should have identified specific criminal statutes that the government was investigating and for which it believed evidence was likely to be found. Unsealing this information would not create a misunderstanding but would bring clarity as to what potential criminal violations the government represented to this Court justified raiding Dr. Wang's and Ms. Ma's homes. And that would likely eliminate, rather than create, wild speculation that has been created by the government's actions to date.

In the absence of information regarding the criminal statutes the government told this Court it was investigating, the public has been left to speculate why the government took the actions it did against Dr. Wang and Ms. Ma. For instance, due to the information vacuum that currently exists, there has been speculation that has ranged from claims that Dr. Wang is a victim of what has been called the China Initiative 2.0,[7] to claims that the government's raids demonstrate Dr. Wang "was found to be a Communist Chinese asset," a claim that has been viewed more than 348,000 times on X, the platform formerly known as Twitter.[8]

Similarly, public reporting and social media posts regarding Ms. Ma and her termination have run the gamut from speculation that Ms. Ma was collateral damage in the government's investigation of her husband, to a belief that she was herself engaged in espionage, with members

---

[7] Zeyi Yang, *A Cybersecurity Professor Disappeared Amid an FBI Search. His Family Is 'Determined to Fight',* Wired, April 14, 2025, *available at https://www.wired.com/story/professor-xiaofeng-wang-update/;* Juan Zhang, *Fears of a China Initiative Revival Stir Anxiety Among Chinese American Academics,* the U.S.-China Perception Monitor, April 19, 2025, *available at* https://uscnpm.substack.com/p/fears-of-a-china-initiative-revival.

[8] https://x.com/TheLobbyistGuy/status/1906009279108145549.

of the public citing the fact that the warrant remains under seal as a basis for that belief. For example, below is an exchange on a Reddit page addressing Ms. Ma's termination[9]:



Contrary to the government's claim that unsealing some portion of the search warrant materials could lead to a misunderstanding of the government's investigation, Dr. Wang and Ms. Ma believe the total silence imposed by the government has led to a significant and detrimental misunderstanding of this investigation. Moreover, the potential misunderstanding that currently exists is impacting not only Dr. Wang and Ms. Ma, but is reverberating across academia and the American public, creating fear and speculation that is likely to have far-ranging consequences beyond just this investigation.

---

[9] https://www.reddit.com/r/Libraries/comments/1jobrxd/missing_librarian_from_indiana_university_nianli/.

The current information void regarding the sealed search warrant materials, along with the government's public raids and instructions of silence to a public university have almost certainly created a misunderstanding regarding one or both of Dr. Wang and Ms. Ma, as well as the broader Chinese and Chinese-American community. Unsealing some or all of the search warrant materials (the docket, the application, the warrant, and/or the affidavit) in redacted or unredacted form is likely to end or diminish misunderstanding that already exists and is thriving in the current information vacuum.

For these reasons, *amicus curiae* Dr. Wang and Ms. Ma support the petitioner's motion to unseal and reject any implication by the government that their interests or the interests of their community and the public would be served by the full and total sealing of all search warrant materials in this matter.

Respectfully submitted,

/s/ *Jason M. Covert*
Jason M. Covert, Attorney No. 29268-53
Jackie M. Bennett, Attorney No. 4112-49
TAFT STETTINIUS & HOLLISTER, LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204
P: (317) 713-3500
F: (317) 713-3699
E: jcovert@taftlaw.com
E: jbennett@taftlaw.com

*Attorneys for Amicus Curiae Dr. XiaoFeng Wang and Nianli Ma*

Dated: June 2, 2025

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of Amicus Curiae Dr. XiaoFeng Wang's and Nianli Ma's Brief In Support of Motion to Unseal Search Warrants has been filed electronically on June 2, 2025, with the following parties receiving notice via ECF:

Riana Pfefferkorn
353 Jane Stanford Way
Stanford, CA 94305

Kathryn E. Olivier
Matthew Rinka
Assistant United States Attorneys
Office of the United States Attorney
10 W. Market Street, Suite 2100
Indianapolis, IN 46204-3048

/s/ *Jason M. Covert*

9

173221989v1