UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| MOTION TO UNSEAL SEARCH WARRANTS ) | Case No. 1:25-mc-00022-TWP-TAB |
| ) | |

### ORDER ON MOTION TO UNSEAL SEARCH WARRANTS AND MOTION FOR STATUS UPDATE

This matter is before the Court on a Motion to Unseal Search Warrants and supporting materials, including affidavits, case dockets, attachments, and returns (Dkt. 1), and a Motion for Status Update (Dkt. 20). The search warrants sought were obtained by the United States Government to conduct searches of two residences allegedly owned by two former employees of Indiana University – XiaoFeng Wang ("Dr. Wang") and Nianli Ma ("Ms. Ma"). As explained in detail below, to balance the competing interests of the parties and the public, the Motion to unseal is **granted in part** and **denied in part**, and the request for status update is **granted**.

### I. DISCUSSION

The Motion to Unseal is brought by Riana Pfefferkorn ("the Movant"), a Stanford University researcher who studies cybersecurity, government surveillance, and the Fourth Amendment. (Dkt. 1 at 2). Execution of the search warrants at the homes of Dr. Wang and Ms. Ma occurred on or about March 28, 2025, by agents of the Federal Bureau of Investigation and Department of Homeland Security, and was covered by local, national, and international news media outlets. *Id*. Dr. Wang's and Ms. Ma's identities were publicized as part of that coverage. *Id*. The Movant contends that the public has a right to access the warrants and supporting materials in question under both the First Amendment and common law. *Id*. at 3. Specifically, "[t]he public deserves to know why the federal government raided the homes of a Chinese

immigrant professor, during a time when the executive branch has begun scrutinizing and taking adverse action against multiple universities as well as even legal immigrants." *Id*. The Movant argues "[u]nsealing the requested materials would inform the public and the news media and help to dispel rumor and speculation arising from this unusual and newsworthy event." *Id*.

The Movant clarifies that she "is not seeking to unseal the names or other identifying information of any targets of any investigation . . . or their associates, or of any witnesses or confidential informants." *Id*. at 4. She asserts that the "[n]ames and other identifying information can be redacted from unsealed materials." *Id*. She argues that unsealing redacted versions of the warrants after their execution is in the public interest and would not jeopardize "any law enforcement interests." *Id*. at 3-4. In her reply, the Movant also confirmed that she does not seek to unseal any grand jury material. (Dkt. 7 at 4 n. 5).

The Government opposes the Motion to Unseal Search Warrants, asserting that black-letter law, including Seventh Circuit precedent, compels that the Petitioner's motion be denied, and the Court should decline to release any version of the search warrant materials while this investigation remains ongoing. *See, e.g., In re EyeCare Physicians of Am.*, 100 F.3d 514, 517–19 (7th Cir. 1996). (Dkts. 6, 9). The Government initially opposed the motion by cursorily arguing that "most of the potential adverse consequences of unsealing that the Seventh Circuit identified in *EyeCare Physicians* are implicated here." (Dkt. 6 at 3). The Court ordered the Government to supplement its filings to address with more specificity the potential adverse consequences of unsealing the warrants and supporting materials and explain why redaction would be an insufficient means of balancing the interests of the public with those of the Government. (Dkt. 8). The Government was also ordered to file *ex parte*, proposed redacted versions of the search warrants and supporting materials for the Court's review. *Id*.

2

In its supplemental response, the Government focuses on five reasons the Court should deny the Movant's motion: 1) to protect the integrity of the ongoing investigation; 2) to encourage witness cooperation; 3) to protect the reputational and privacy interests of uncharged individuals; 4) to prevent misunderstanding regarding the investigation; and 5) because redaction is impractical and unrealistic. (Dkt. 9 at 3-7).

On July 3, 2025, Counsel for Dr. Wang and Ms. Ma filed an amicus brief in support of the Motion to Unseal and to provide the Court with information and perspective from Dr. Wang and Ms. Ma. (Dkt. 18). Dr. Wang and Ms. Ma inform the court that they support Movant's motion to unseal the search warrant materials, their privacy and reputations have been irreparably damaged and tainted by the government's raids, and they welcome public transparency as to what has transpired. *Id*. at 3-5.

The United States Supreme Court has recognized "a general right to inspect and copy public records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This common law right of public access to judicial documents has been extended to search warrant materials, and whether and for how long to seal them lies within the sound discretion of trial courts. *EyeCare Physicians*, 100 F.3d at 517–18 (citing *Warner Commc'ns*, 435 U.S. at 599).

When determining whether a record should be unsealed, the Seventh Circuit directs courts to consider several consequences of unsealing, including "the likelihood that the secrecy of grand jury proceedings would be violated"; the risk that the identities of unnamed subjects not yet charged would be revealed; the concern for "mistaken notions concerning who might and might not be cooperating with the government or who may be subjects"; the potential for "misunderstandings about the parameters of the government's investigation";

threats to the privacy interests of both "the innocent and the implicated"; and the concern that the cooperation of present or potential witnesses could be affected. *EyeCare Physicians*, 100 F.3d at 518.

The Court begins its analysis by narrowing its scope. There is no need to redact any references to the identities of Dr. Wang and Ms. Ma because they are already publicly known, and they support unsealing of the warrants. Moreover, the Movant has not sought to reveal the identities of any other potential targets or witnesses. Such information could be redacted, along with any references to grand jury proceedings.

The Government cites to *EyeCare Physicians* to argue that it would be improper to unseal any materials that may be presented to a grand jury because it would violate the secrecy of grand jury proceedings. (Dkt. 9 at 4). The Court is not persuaded. In *EyeCare Physicians*, the sealed documents contained references to grand jury proceedings. And, as previously discussed, the Movant does not seek to unseal any information about grand jury proceedings. The secrecy of any grand jury proceedings would not be compromised by unsealing warrants and supporting materials that a grand jury may review. The mandate to keep grand jury proceedings secret can be fulfilled by redacting all references to just proceedings. It does not require that all materials that may be reviewed by a grand jury be kept secret. In addition, as the Movant points out in her notice of supplemental authority, the Government has recently argued in favor of unsealing redacted grand jury transcripts in *United States v. Epstein*, No. 19-cr-490 (S.D.N.Y. *motion filed* July 18, 2025). (Dkt. 19).

The Movant and the *amici* persuasively argue that unsealing the warrants and supporting materials would decrease, rather than increase, misunderstandings about the investigation. "In the absence of information regarding the criminal statutes the government told this Court it was

4

investigating, the public has been left to speculate why the government took the actions it did against Dr. Wang and Ms. Ma." (Dkt. 16-1 at 6). Such speculation has ranged from assertions that Dr. Wang is a victim of an anti-Chinese government initiative to assertions that he is a spy for the Chinese government. *Id*.

Thus, the key question is whether unsealing the warrants would jeopardize the integrity of the ongoing investigation and whether redacting such information would be practical. The Government argues against unsealing the search warrant materials in general, although most of the argument seems focused on the search warrant affidavits. (Dkt. 9 at 3-7).

The Movant argues that, at minimum, the dockets, warrants, warrant returns, and warrant application attachments should be unsealed. (Dkt. 7 at 5). Searches of the Bloomington and Carmel residences have already been carried out and were covered extensively in the media. The fact that Dr. Wang and Ms. Ma's homes were searched by federal authorities is not a secret. Dr. Wang and Ms. Ma should have been provided copies of the warrants and receipts for seized property. Fed. R. Crim. P. 41. Thus, the Government's arguments against unsealing information that could jeopardize its investigation are less persuasive when applied to the warrants themselves and their returns. The Court finds that these materials should be unsealed, subject to redaction of any information that would reveal the identities of any potential target or witness other than Dr. Wang and Ms. Ma, or any information about grand jury proceedings.

As for the search warrant affidavits, the Government cites to a handful out-of-circuit decisions in addition to *EyeCare Physicians* to support its "ongoing investigation" argument. In *In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569 (8th Cir. 1988), the Eighth Circuit upheld the district court's denial of a motion to unseal search warrant material because the documents "describe[d] in considerable detail the nature, scope and direction of the

5

government's investigation and the individuals and specific projects involved." *Id*. at 574.

"The decision as to access to judicial records and documents, including the duration of time they may be sealed is one best left to the sound discretion of the trial court." *EyeCare Physicians*, 100 F.3d at 517–18 (citation and quotation marks omitted). Although Dr. Wang, Ms. Ma, and the general public are aware of the searches of Dr. Wang and Ms. Ma's two residential properties and the existence of the ongoing investigation, the search warrant affidavits contain detailed information about the ongoing investigation that is not available to the public. The Court finds that unsealing the search warrant affidavits in their entirety at this time would unduly risk jeopardizing the investigation, and having reviewed the documents *ex parte*, finds that sufficient redactions of the affidavits would render them confusing and nearly meaningless.

The attachments to the search warrants reveal the general topic of the Government's investigation but provide far less information than what is contained in the search warrant affidavits. Neither side may be satisfied with the Court's ruling, but this limited unsealing balances the interests of both parties and the public.

## II.    CONCLUSION

In sum, the Motion to Unseal, Dkt. [1], is **GRANTED in part and DENIED in part.** The motion is **granted** in that **the clerk is directed to unseal** case number 1:25-mj-00286-TAB-1 and docket 2 in that case, and to unseal case number 1:25-mj-00285-TAB-1 and docket number 2 and docket number 5 in that case. Docket number 1 in each of these two cases **shall remain sealed at this time**.

The motion is **denied** as to the Movant's request to unseal the search warrant affidavits, at this time, because the Government's investigation is ongoing. The Court, however, acknowledges

that "[t]he extraordinary step of sealing judicial records, however, cannot last forever." *See Matter of Search of Eyecare Physicians of Am.*, 910 F. Supp. 414, 417 (N.D. Ill. 1996), *aff'd sub nom. Matter of EyeCare Physicians of Am.*, 100 F.3d 514 (7th Cir. 1996). Accordingly, the Government is **directed to report to the Court *ex parte* the status of the investigation within 90 days** of this order so the Court may better gauge whether and when the search warrant affidavits may be unsealed. The Movant's motion for status update, Dkt. [20], is **GRANTED to the extent** this Order resolves the motion to unseal search warrants.

**IT IS SO ORDERED**

Date: 10/3/2025

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

RIANA PFEFFERKORN
353 Jane Stanford Way
Stanford, CA 94305

Jackie M. Bennett, Jr.
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
jbennett@taftlaw.com

Jason M. Covert
Taft Stettinius & Hollister LLP
jcovert@taftlaw.com

Kathryn E. Olivier
DOJ-USAO
kathryn.olivier@usdoj.gov

Matthew Rinka
United States Attorney's Office
matthew.rinka@usdoj.gov